# United States District Court
## Eastern District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | **Case Number: 25-CR-8-9-JPS**<br>**Marshal Number: 63937-511** |
| ADHAM B. BLANDIN | |

| | |
|---|---|
| Lew Wasserman | Katherine M. Halopka-Ivery |
| Defendant's Attorney | Assistant United States Attorney |

**THE DEFENDANT:**

Pled guilty to Count One of the Information.

| Title & Section | Nature of Offense | Date Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 2(a) and 21 U.S.C. § § 841(a)(1), 841(b)(1)(E) and 846 | Conspiracy to Possess with Intent to Distribute and Distribute Ketamine | April 2022 | One |

The defendant is sentenced as provided in sheets 4 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that Counts One, Eleven and Twelve of the Indictment be and the same is hereby DISMISSED.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: March 19, 2026

J. P. Stadtmueller
U.S. District Judge
Date Judgment Signed: March 19, 2026

Defendant: Adham B. Blandin
Case Number: 25-CR-8-9-JPS

# PROBATION

The defendant is hereby sentenced to probation for a term of two (2) years as to Count One of the Information. During this term, the defendant shall comply with the following special conditions:

1. Following this hearing, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance.
5. The defendant is to participate in a program of testing to include not more than six urinalysis screens per month together with residential or outpatient treatment for drug and/or alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of his supervising probation officer. The defendant is to refrain from the excessive use of alcohol, defined as having a blood alcohol concentration of greater than .08, throughout the supervised release term.
6. The defendant must reside at a residence approved by his supervising probation officer.
7. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
8. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
9. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
11. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
12. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
13. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
14. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.

Defendant: Adham B. Blandin
Case Number: 25-CR-8-9-JPS

15. The defendant shall submit his person, property, residence, office, and/or any electronic communication or data storage device, including a computer as defined in 18 U.S.C. § 1030(e)(1), to a search conducted at a reasonable time and in a reasonable manner by his supervising probation officer. Failure to submit to a search may constitute grounds for revocation of the defendant's term of supervised release. The defendant shall notify any other occupants that the premises may be subject to a search pursuant to this condition. Any search may be conducted only when reasonable suspicion exists that the defendant has violated the conditions of his supervised release and that the areas to be searched may contain evidence of such violation(s).

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as they may become necessary.

Defendant: Adham B. Blandin
Case Number: 25-CR-8-9-JPS

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals**: | $100 | Waived | None |

## FINE

Based upon the defendant's limited financial resources, the Court determines that the defendant does not have the financial ability to pay a fine within the guidelines range. The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Interest on the restitution is waived. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|---|---|
| None | None |

Defendant: Adham B. Blandin
Case Number: 25-CR-8-9-JPS

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.